IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § § § | |
| v. | | CRIMINAL NO. 4:10-CR-152-SDJ-AGD-1 |
| MARCUS LASHAWN JACKSON (1) | | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 14, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Federal Public Defender Michelle Allen-McCoy. The Government was represented by Assistant United States Attorney Sean Taylor.

On September 15, 2011, United States District Judge Michael H. Schneider, sentenced Defendant to a term of one hundred and thirty five (135) months imprisonment followed by five (5) years of supervised release. *See* Dkt. 331 at 1. On May 22, 2019, Defendant completed his term of imprisonment and began serving the term of supervision. *See id.*

On March 4, 2024, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 331), alleging Defendant violated eight conditions of supervised release. *See id.* at 1–3. The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not unlawfully possess a controlled substance; (3) Defendant shall not commit another federal, state, or local crime; (4) Defendant shall not commit another federal, state, or local crime; (5) Defendant shall refrain from excessive use of alcohol; (6) Defendant shall notify

1

the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (7) Defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer; and (8) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

(1)-(2) On July 1, 2020, Defendant committed the state jail felony offense of Possession of a Controlled Substance Penalty Group 1 Less Than One Gram-Enhanced. On July 21, 2022, after pleading guilty, he was sentenced to 5 years deferred adjudication in the Grayson County, Texas 59th District Court under Case Number 075106.

According to the Incident Report, on July 1, 2020, the Sherman, Texas Police Department conducted a routine traffic stop on Defendant due to an unreadable license plate. Because the officer had observed him leave a known drug area, he asked to search his car. Defendant declined, but later admitted he had marijuana in the car. The officer deployed his K9 to conduct an open-air sniff around the vehicle. The K9 alerted to the driver door. The officer searched the vehicle and located approximately 12.1 grams of marijuana underneath the driver seat and 1.2 grams of MDMA underneath the radio on the center console. Defendant was released from the scene without being arrested.

(3) On February 22, 2021, Defendant committed the 3rd degree felony offense of Assault Family Violence Impede Breath/Circulation-Enhanced. On July 21, 2022, after pleading guilty, he was sentenced to 5 years deferred adjudication and placed under community supervision in the Grayson County 59th District Court under Case No. 073310.

According to the Incident Report, on February 22, 2021, Defendant and his girlfriend were driving in the car when he punched her in the face for attempting to grab his cell phone. When they got home, Defendant continued his violence by getting on top of his girlfriend while she was on the bed and choking her with a sweater. Additionally, the girlfriend reported he kicked her door open and broke her television by punching it. He was not arrested for this offense; however, a warrant was later issued, and he turned himself in and subsequently bonded out.

(4)-(5) On February 25, 2024, Defendant was arrested by the Sherman, Texas Police Department for the offense of Driving While Intoxicated. Bond was set at $1,500, and he released on bond on February 26, 2024. No formal charges have been filed and this matter remains pending in Grayson County, Texas.

    According to the Incident Report, on February 25, 2024, Sherman Police Department conducted a traffic stop on Defendant because he was observed swerving within his lane. Upon contacting him, the officer smelled the odor of metabolized alcohol emitting from Defendant. The officer asked to perform Standardized Field Sobriety Test (SFST's), and Defendant consented. A preliminary breath test was conducted, and Defendant blew a .172. Due to his glassy eyes, slightly slurred speech, the odor of metabolized alcohol emitting from his breath, the driving behavior prior to the traffic stop, his admission to drinking prior to driving, the result of the preliminary breath test, and observing enough clues to reach a decision point during SFST`s, the officer arrested Defendant for Driving While Intoxicated. A blood draw was also initiated at the Wilson N. Jones Regional Medical Center.

(6) Defendant failed to notify the probation officer by February 29, 2024, that he was arrested by Sherman Police Department for the offense of Driving While Intoxicated on February 25, 2024. As noted above, he released on bond on February 26, 2024.

(7) Defendant failed to report as instructed for the following months: April 2020; September 2020; November 2020; March 2021; May 2021; June 2021; September 2021; October 2021; December 2021; January 2022; July 2022; May 2023; and February 2024. He was instructed to report by the fifth of every month. The above reports were submitted electronically after the fifth of the month.

(8) On September 14, 2019, and September 17, 2019, Defendant failed to report to On Scene Drug Screens to submit a random urine specimen.

On May 14, 2024, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for May 14, 2024. Defendant entered a plea of true to allegations one through three and six through eight, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt 341. The Government moved to withdraw allegations four and five, which the Court granted. *See* Minute Entry for May 14, 2024. The Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the May 14, 2024 hearing, the Court recommends that Defendant be committed to the

custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, to run consecutive to any other term of imprisonment, with no supervised release to follow. The Court further recommends Defendant be placed at FCI Seagoville in Seagoville, Texas, if appropriate.

**So ORDERED and SIGNED this 14th day of May, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE